**Robert T. HOLTZ, d/b/a R.T. Holtz & Company, Plaintiff,**

**v.**

**PLASTORE, INC., Defendant.**

**No. 90 C 07238.**

United States District Court, N.D. Illinois, E.D.

March 22, 1991.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Plastore, Inc. ("Plastore") has moved to dismiss the complaint filed against it by Robert T. Holtz, d/b/a R.T. Holtz & Co. ("Holtz"). The complaint seeks damages under Ill.Ann.Stat. ch. 48, paras. 2251–2253 (Smith–Hurd 1986 & 1990 Supp.), which provides a cause of action for sales representatives who allege that they are owed sales commissions. For the reasons set forth below, we deny the motion.

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as all reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am.*

*Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

Plastore sells machinery designed to mix vinyl plastics into building materials. Complaint at 1–2. The company agreed to pay Holtz "a sales commission for the sale of [Plastore's machines] to the vinyl siding and profile industry." *Id.* at 2. Between April 30, 1987 and March 30, 1988, Holtz made numerous sales contacts with potential buyers—contacts he believes led to several sales. *Id.* at 2–3. Plastore has refused to pay Holtz any of the sales commissions to which he believes he is entitled, or to account for any monies it received from the sales for which he believes he is largely responsible. *Id.* at 3. Holtz therefore requests an accounting for certain sales and an order directing Plastore to pay the commissions owed to him (plus certain exemplary damages as provided for by ¶ 2253 of the statute). *Id.* at 4.

Resolution of this motion turns on the meaning of "wholesale," as that term is used in the statute. The law provides that a "sales representative" is one who "contracts with a principal to solicit wholesale orders and who is compensated ... by commission, but shall not include one who places orders or purchases for his own account for resale ... or one who sells products to the ultimate consumer." Ill. Ann.Stat. ch. 48, para. 2251(4). Plastore argues that Holtz' "alleged sales ... are not wholesale transactions...." Memo at 3. It defines wholesale as, *inter alia*, "the sale of goods or commodities in quantity for resale," citing *Webster's Third New International Dictionary* at 2611 (1976).

Interestingly, the precise definition in that dictionary is as follows: "the sale of goods or commodities in quantity usu[ally] for resale...." *Webster's Third New International Dictionary*, at 2611 (1976); *cf. id.* at 54a ("usu" an abbreviation for "usually"). Further, "wholesaler" is defined as "a merchant middleman who sells chiefly to retailers, other merchants, or *industrial, institutional, and commercial users* mainly *for* resale or *business use.*" *Id.* at 2611 (emphasis added). Holtz, for purposes of the motion to dismiss, alleged that he played a key part in setting up sales of Plastore's machines to companies who would use those machines in the course of manufacturing vinyl and plastic building materials. To limit the meaning of "wholesale" to exclude sales to "industrial, institutional, and commercial users for ... business use" would be unnecessarily restrictive. *Cf. Bowles v. Mannie & Co.,* 155 F.2d 129, 134 (7th Cir.) (" 'wholesaling is said to cover sales "to ... an industrial consumer so long as the purpose of the customer in buying such goods is to ... use them for business needs as supplies or equipment" ' ") (quoting *Roland Elec. Co. v. Walling,* 326 U.S. 657, 674, 66 S.Ct. 413, 421, 90 L.Ed. 383 (1946)), *cert. denied,* 329 U.S. 736, 67 S.Ct. 82, 91 L.Ed. 636 (1946).

Thus, it is apparent that Plastore's preferred definition of wholesale is too restrictive. The definition we adopt here is more accurate, and it does not contradict the apparent intent of Illinois legislators who passed the measure into law. *See, e.g.,* Transcription of General Assembly Debate, May 21, 1985, at 289 (bill "provides a mechanism for salesman who sell at the wholesale level to collect commissions owed them....") (attached as Exhibit A to Plastore's Reply Memo).

We therefore deny Plastore's motion to dismiss. It is so ordered.